**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

JAMES FISHER,

                    Plaintiff,

vs.                                   Case No.  3:11-cv-218-J-34JRK

In the Interest of IAN ANDINO,

                    Defendant.

_____/

## REPORT AND RECOMMENDATION[1]

    This cause is before the Court on the Affidavit of Indigency (Doc. No. 2), filed March 8, 2011, which the undersigned construes as a Motion to Proceed In Forma Pauperis ("Motion"). Upon review of the "Petition" (Doc. No. 1), which the undersigned construes as a Complaint, also filed March 8, 2011, it is determined the suit is subject to dismissal.

    The Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of costs, fees, or security. 28 U.S.C. § 1915. However, the Court's decision to grant in forma pauperis status is discretionary. See Pace v. Evans, 709 F.2d 1428, 1429 (11th Cir. 1983). While a litigant need not show he or she is "absolutely destitute" to qualify for pauper status under section 1915, a litigant does need to show an inability "to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305,

_____

[1]     Specific, written objections may be filed in accordance with 28 U.S.C. § 636 and Rule 6.02, Local Rules, United States District Court, Middle District of Florida ("Local Rule(s)"), within fourteen (14) days after service of this document. Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking the factual allegations on appeal.

1307 (11th Cir. 2004).  It appears from the Motion that Plaintiff is financially unable to pay the filing fee.

Nonetheless, a court receiving an application to proceed in forma pauperis must dismiss the case sua sponte if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

First, with respect to frivolousness, the United States Supreme Court has recognized that "a litigant whose filing fees and court costs are assumed by the public . . . lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." Neitzke v. Williams, 490 U.S. 319, 324 (1989).  Thus, the Court is empowered with the discretion to dismiss the action sua sponte if it is frivolous or malicious.  See id.  A complaint is frivolous when it lacks an arguable basis either in law or in fact.  Id. at 325.  Dismissal of a complaint pursuant to this principle should be ordered only if the complaint relies on clearly meritless legal theories, see id. at 327, or when the facts asserted therein "are 'clearly baseless.'" Denton v. Hernandez, 504 U.S. 25, 32 (1992) (quoting Neitzke, 490 U.S. at 327).

Second, with respect to whether a complaint "fails to state a claim on which relief may be granted," section 1915(e)(2)(B)(ii) mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure ("Rule(s)"), so courts apply the same standard in both contexts.  Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "Labels and conclusions" or "a

formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do.  Id. (quotation omitted).  Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory."  Roe v. Aware Woman Center for Choice, Inc., 253 F.3d 678, 683-84 (11th Cir. 2001) (internal quotation and citation omitted).

Here, Plaintiff seeks an order granting him "full and complete custody" of Ian Andino. Compl. at 4 (capitalization omitted).  Plaintiff states that Ian Andino has been diagnosed with "bipolar, ADHD, and other things."  Id. at 3 (capitalization omitted).  Plaintiff asserts that "the 1973 Mental Health Act" is the basis for the Court's jurisdiction.  Id. at 2 (capitalization omitted).  Plaintiff avers that "without said custody order there could be non-revers[i]ble damage."  Id. at 5 (capitalization omitted).

The Court has addressed nearly identical claims raised by Plaintiff on five prior occasions, although the previous claims were raised with respect to two other individuals, not Ian Andino. See Report and Recommendation in Fisher v. In the Interest of James D. Griffis (Doc. No. 5 in Case. No. 3:11-cv-47-J-32JRK), entered on February 1, 2011, at 5, later adopted by Order (Doc. No. 6 in Case No. 3:11-cv-47-J-32JRK), entered March 14, 2011; Report and Recommendation in Fisher v. In the Interest of James D. Griffis (Doc. No. 4 in Case No. 3:09-cv-1107-J-32HTS), entered November 18, 2009, at 3 (finding Plaintiff's complaint "'set[] forth no identifiable federal cause of action or ground for relief'"), later adopted by Order (Doc. No. 6 in Case No. 3:09-cv-1107-J-32HTS), entered December 29, 2009; Report and Recommendation in Fisher v. In the Interest of James Daren Griffes (Doc. No. 4 in Case No. 3:08-cv-829-J-25HTS), entered September 8, 2008, at 3 (finding Plaintiff's

complaint "set[] forth no identifiable federal cause of action or ground for relief"), later adopted by Order (Doc. No. 5 in Case No. 3:08-cv-829-J-25HTS), entered September 30, 2008; Order in <u>Fisher v. In the Interest of James Danen Griffis</u> (Doc. No. 5 in Case No. 3:07-cv-165-J-16TEM), entered March 20, 2007, at 1 (finding the Court lacked subject matter jurisdiction over Plaintiff's claims that were substantially similar to the instant case); Report and Recommendation in <u>Fisher v. Brannon</u> (Doc. No. 5 in Case No. 3:06-cv-876-J-33MCR), entered November 20, 2006, at 2 (finding Plaintiff's complaint "set[] forth no identifiable claim or ground for relief"), later adopted by Order (Doc. No. 6 in Case No. 3:06-cv-876-J-33MCR), entered January 3, 2007.  In all five cases, Plaintiff asserted the Court had jurisdiction pursuant to "the 1973 Mental Health Act," and all five cases were dismissed.  As the Court explained in one of the previous cases, Plaintiff failed to set forth an "'identifiable federal cause of action or ground for relief'" in asserting "the Mental Health Act of 1973" as a basis for jurisdiction.  Report and Recommendation in Case No. 3:09-cv-1107-J-32HTS at 3 (citations omitted).  Here, Plaintiff again relies on "the 1973 Mental Health Act," as he did in the above-listed cases.  Consequently, he again has not set forth an identifiable federal cause of action or ground for relief.  Accordingly, the undersigned concludes the Complaint should be dismissed.

To the extent Plaintiff is attempting to raise a claim under Florida's Mental Health Act, Florida Statutes section 394.451 <u>et</u> <u>seq.</u>, the Court does not have subject matter jurisdiction. If Plaintiff is seeking relief pursuant to Florida's Mental Health Act, he is informed, as he was in a number of the previous cases, that Florida Statutes sections 394.463 and 394.467 "set forth the proper procedure for initiating an involuntary examination or inpatient placement for

-4-

persons who suffer from a mental illness and pose an imminent threat to themsel[ves] or others." Report and Recommendation in Case No. 3:09-cv-1107-J-32HTS at 4 (alternation in original) (citation and internal quotations omitted); <u>see</u> Report and Recommendation in Case. No. 3:11-cv-47-J-32JRK at 4; Report and Recommendation in Case No. 3:08-cv-829-J-25HTS at 3; Report and Recommendation in Case No. 3:06-cv-876-J-33MCR at 2.

While ordinarily the undersigned would provide Plaintiff an opportunity to amend the Complaint out of an abundance of caution, <u>see</u> <u>Gomez v. USAA Fed. Sav. Bank</u>, 171 F.3d 794, 795 (2d Cir. 1999) (stating that a court should not dismiss pursuant to § 1915 for failure to state a claim "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated") (per curiam) (internal quotation omitted), it is sufficiently clear that allowing Plaintiff to proceed <u>in forma pauperis</u> is inappropriate.[2]  Based on the foregoing, the undersigned recommends the Motion be denied and the case dismissed.

Accordingly, it is

**RECOMMENDED**:

1.    That the Affidavit of Indigency (Doc. No. 2), construed as a Motion to Proceed <u>In Forma Pauperis</u>, be **DENIED**.

---

[2]    The undersigned notes that in the four most recent cases of the five cases referenced above, Plaintiff was not provided an opportunity to amend his complaint.  <u>See</u> Report and Recommendation in <u>Fisher v. In the Interest of James D. Griffis</u> (Doc. No. 5 in Case. No. 3:11-cv-47-J-32JRK) at 4-5; Report and Recommendation in <u>Fisher v. In the Interest of James D. Griffis</u> (Doc. No. 4 in Case No. 3:09-cv-1107-J-32HTS) at 3; Report and Recommendation in <u>Fisher v. In the Interest of James Daren Griffes</u> (Doc. No. 4 in Case No. 3:08-cv-829-J-25HTS) at 4; Order in <u>Fisher v. In the Interest of James Danen Griffis</u> (Doc. No. 5 in Case No. 3:07-cv-165-J-16TEM) at 1-2.

2.      That the Complaint (Doc. No. 1) be **DISMISSED**.

**RESPECTFULLY RECOMMENDED** at Jacksonville, Florida on April 21, 2011.

James R. Klindt

**JAMES R. KLINDT**
United States Magistrate Judge

wlg

Copies to:

The Honorable Marcia Morales Howard,
United States District Judge

Pro Se Party